**IN THE ASSOCIATE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI**

| | |
|---|---|
| **QUAPAW WHISPERING PINES, LLC** | ) |
| | ) |
| **Plaintiff** | ) Case No.: |
| | ) |
| v. | ) |
| | ) |
| **MATTRESS FIRM, INC.** | ) |
| | ) |
| Serve: **Mattress Firm, Inc.** | ) |
| **c/o Registered Agent:** | ) |
| **CT Corporation System** | ) |
| **120 South Central Avenue** | ) |
| **Clayton, MO 63105** | ) |
| | ) |
| **Defendant.** | ) |

**VERIFIED PETITION FOR RENT, POSSESSION AND DAMAGES**

COMES NOW Plaintiff Quapaw Whispering Pines, LLC ("Plaintiff,") by and through its attorneys, and for its Petition against Mattress Firm, Inc. ("Defendant," or "Mattress Firm,") states as follows:

**THE ACTION AND THE PARTIES**

1. This action is brought pursuant to Chapter 535 of the Revised Statutes of Missouri.

2. Plaintiff is a Missouri limited liability company and is authorized to conduct business in the State of Missouri.

3. Defendant is a Delaware corporation and is authorized to conduct business in the State of Missouri.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this dispute and personal jurisdiction over Defendant pursuant to, *inter alia*, Mo. Rev. Stat. § 506.500.1 insofar as Defendant has transacted

1

business in the state, entered into contracts in this state and/or possesses real estate situated in this state.

5. Venue is proper in this Court pursuant to Mo. Rev. Stat. § 508.010 because the Defendant to this action leases and possesses real estate located in St. Louis County, Missouri.

## THE LEASED PREMISES AND LEASE AGREEMENT

6. Plaintiff is the owner of certain commercial real property known and numbered as 12669 Boulevard, Suite A, St. Louis, Missouri 63141 and located in St. Louis County, Missouri.

7. On or about September 3, 1997, Plaintiff and Mattress Firm's predecessor-in-interest entered into a lease agreement (the "Original Lease") for the lease of approximately 3,750 square feet of space from Plaintiff located at the above-referenced address (the "Leased Premises") for the purpose of selling mattresses and related products. A true and correct copy of the Original Lease is attached hereto as Exhibit 1.[1]

8. In June, 2009, Plaintiff and Mattress Firm's predecessor-in-interest entered into an amendment to the Original Lease ("First Amendment to Lease"). A true and correct copy of the First Amendment to Lease is attached hereto as Exhibit 2.

9. On or about November 15, 2011, Mattress Firm's predecessor-in-interest assigned its leasehold interest to Mattress Firm ("the Assignment"). A true and correct copy of the Assignment is attached hereto as Exhibit 3.

10. On or about December 11, 2012, Plaintiff and Mattress Firm entered into a second amendment to the Original Lease ("Second Amendment to Lease"). A true and correct copy of the Second Amendment to Lease is attached hereto as Exhibit 4.

---

[1] The Original Lease contains a confidentiality provision. Accordingly, the Original Lease and other exhibits to this Petition are being filed with the Court under seal.

11. On or about October 7, 2014, Plaintiff and Mattress Firm entered into a third amendment to the Original Lease ("Third Amendment to Lease"). A true and correct copy of the Third Amendment to Lease is attached hereto as Exhibit 5.

12. On or about December 19, 2016, Plaintiff and Mattress Firm entered into a fourth amendment to the Original Lease ("Fourth Amendment to Lease"). A true and correct copy of the Fourth Amendment to Lease is attached hereto as Exhibit 6.

13. Pursuant to the Original Lease, Assignment and Amendments (together "Lease Agreement") Plaintiff provided the Leased Premises to Mattress Firm in exchange for rental payments and Mattress Firm was to use the Leased Premises for the purpose of selling mattresses and related products.

14. The current monthly base rent for the Leased Premises owed by Mattress Firm is set forth in the Lease Agreement. *See* Exhibit 6.

15. Under the Lease Agreement, Mattress Firm is also obligated to pay certain common area maintenance, real estate tax, and other charges ("NNN Charges").[2]

16. As of the date of this filing, Mattress Firm has not paid its monthly base rent for the Leased Premises for April, May and June, 2020.

17. Mattress Firm is still currently occupying the Leased Premises.

18. Non-payment of the monthly base rent is an event of default under the Lease Agreement.

19. On April 13, 2020, counsel for Plaintiff sent Mattress Firm a Notice of Default seeking full payment of the amount then-owed under the Lease Agreement. Mattress Firm did not pay the amount then-owed. A copy of this letter is attached hereto as Exhibit 7.

20. Mattress Firm remains in default of its obligations under the Lease Agreement.

---

[2] "Net Net Net" Charges.

## OTHER NOTABLE LEASE AGREEMENT PROVISIONS

21. Section 4.9 of the Original Lease provides that in the event of late payments, Mattress Firm is required to pay certain late charges as set forth in the Lease Agreement.

22. Section 10.2.3 of the Original provides that in the event of a default, Mattress Firm is required to pay "the entire amount of all Rent then remaining to be paid under this Lease for the balance of the Lease Term, discounted at the rate of ten percent (10%) per year."

23. Section 13.20 of the Original Lease provides that in the event of default, Mattress Firm "shall pay upon demand all of Landlord's costs and expenses incurred in enforcing [Mattress Firm's] obligations hereunder, including reasonable fees of counsel…"

## COUNT I – DEMAND FOR RENT AND POSSESSION

24. Plaintiff re-alleges and incorporates paragraphs 1 through 23 of the foregoing Petition as if fully set forth herein.

25. Plaintiff entered into a valid and enforceable Lease Agreement wherein Plaintiff promised to provide the Premises in exchange for Mattress Firm paying rent and other relevant charges as laid forth above.

26. Plaintiff has fully performed under the Lease in that it has provided the Premises to Mattress Firm for the appropriate term of the Lease and fulfilled all its obligations due and owing under the Lease.

27. Mattress Firm materially breached the Lease Agreement by failing to make its required monthly payments.

28. Mattress Firm is still currently occupying the Leased Premises.

29. As a direct and proximate result of these breaches, Plaintiff has suffered damages in an amount to be shown at trial including, but not limited to, as of the date of this filing,

monthly base rent charges for the months of April, 2020, May, 2020 and June, 2020, late fees, interest, court costs, and attorneys' fees, representing the total accounts receivable balance for the aforementioned charges.  These damages are ongoing and continuous.

30.     Plaintiff has and will continue to incur attorneys' fees, court costs, and other expenses in pursuing this action.

31.     Plaintiff also seeks the amount of all rent charges remaining to be paid under the Lease Agreement for the balance of the lease term, including such amounts that will continue occur from the date of this filing through the date of judgement, as set forth in the Lease Agreement and which exact amount will be shown at trial.

32.     In the event the Mattress Firm vacates the Leased Premises during the pendency of this action, Plaintiff reserves the right to recover all damages it suffers as a result of any waste or unreasonable wear and tear at the Premises, and as caused by Mattress Firm, its guests, invitees, and agents.

WHEREFORE, Plaintiff prays this Court enter judgment in is favor and against Defendant Mattress Firm, Inc. for (1) immediate possession of the Leased Premises as set forth above; (2) Plaintiff's recovery from Defendant of all unpaid rent and other charges due and owing under the Lease Agreement as of the date of this filing; (3) Plaintiff's recovery from Defendant of all unpaid interest and late charges owed under the Lease in an amount to be determined at trial; (4) Plaintiff's recovery from Defendant of all unpaid rent payments, late charges, NNN Charges, and interest charges that may accrue during the pendency of this action; (5) Plaintiff's recovery from Defendant of interest at the highest lawful rate until collection of judgment from Defendant; (6) Plaintiff's recovery of its reasonable attorney's fees, court costs, and expenses incurred as a result of Defendant's default and Plaintiff's subsequent actions in

enforcing its right under the Lease; (7) all rent charges remaining to be paid under the Lease Agreement for the balance of the lease term, which exact amount will be shown at trial; and (8) other such and further relief as the Court deems just and proper.

        Respectfully submitted,

        HUSCH BLACKWELL LLP

By:   /s/ Michael J. Tolles
       Michael J. Tolles, #61606
       190 Carondelet Plaza, Suite 600
       St. Louis, MO 63105
       (314) 480-1500 Office
       (314) 480-1505 Facsimile
       mike.tolles@huschblackwell.com

*Attorneys for Quapaw Whispering Pines, LLC*

Electronically Filed - St Louis County - June 30, 2020 - 02:58 PM

## VERIFICATION

STATE OF MISSOURI        )
                         ) SS.
COUNTY OF St. Louis      )

I, Rodney Jones, being duly sworn and under oath, state that I have read the foregoing Verified Petition for Rent and Possession and that the matters therein are true and correct to the best of my knowledge, information, and belief.

By: _____

STATE OF MISSOURI        )
                         ) SS.
COUNTY OF St. Louis      )

On the 12th day of June, 2020, before me, the undersigned, personally appeared Rodney Jones, personally known to me or proved to me on basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that he/she executed the same in his/her capacity, executed the instrument.

_____
Notary Public

My Commission Expires: 7-11-21

```
BRIDGET R. CLANTON
Notary Public – Notary Seal
St Louis County – State of Missouri
Commission Number 13740630
My Commission Expires Jul 11, 2021
```